The plaintiff seeks reimbursement of expenses allegedly incurred under Part B of the Medicare program. The plaintiff initially was reimbursed for these expenses, but *917 upon subsequent review the fiscal intermediary reduced the amount allowed and recouped the excess by setting it off against other funds owed to the plaintiff.
The government has moved to dismiss the petition under United States v. Erika, Inc., 456 U.S. 201 (1982), in which the Supreme Court held that this court has no jurisdiction to review Part B amount determinations. We grant its motion.
The plaintiff argues that his claim does not arise under Part B becáuse he is not seeking the original reimbursement of his expenses, but is seeking other amounts owed to him, against which allegedly improper offsets have been taken. The government has the right to recoup overpay-ments from Medicare funds owed to providers. Mount Sinai Hospital of Greater Miami, Inc. v. Weinberger, 517 F.2d 329 (5th Cir. 1975), cert. denied, 425 U.S. 935 (1976). The validity of the offsets depends upon the validity of the charges the plaintiff made for the medical services he rendered. Part B governs reimbursement for those charges, and this case arises under Part B.
The plaintiff argues also that Erika does not foreclose constitutional challenges to Part B amount determinations. Johnson v. Robison, 415 U.S. 361 (1974). The plaintiffs due process and equal protections arguments are not sufficiently substantial to avoid the jurisdictional bar of Erika. See Regents of the University of Colorado v. United States, ante at 914.
The defendant’s motion to dismiss is granted and the petition is dismissed.